IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCUS DESHAWN MILLER, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | No. 1:20-CV-04717-SCJ |
| THOMAS KENNEDY, SAMPSON & TOMPKINS, LLP, | |
| Defendant. | |

### ORDER

This matter appears before the Court on Defendant's Renewed Motion for Attorney's Fees (Doc. No. [27]).[1] Plaintiff responded in opposition (Doc. No. [28]). Defendant did not reply. The Court rules as follows.

I.   BACKGROUND

In this action, Plaintiff brought claims stemming from Defendant's alleged breach of fiduciary duties in the course of an underlying wrongful death action.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

See Doc. No. [1]. The Court discussed the factual background of this matter in its Order on Defendant's Motion to Dismiss. Doc. No. [25], 1–3. That background is incorporated here by reference, and the Court will review only the procedural background relevant to this Motion.

Plaintiff was part of distinct actions in Georgia state courts—one was a probate action regarding rights to the claims of the decedent's estate (In re: Estate of Sariah Ge'Lita Wilcoxson, Deceased, Estate No. 2018-1132 (DeKalb Cnty. Probate Ct., Ga.)), and another was an action Plaintiff filed in DeKalb Superior Court including claims for declaratory judgment that he was the decedent's father and for damages against multiple parties, including Defendant (Marcus DeShawn Miller v. Sarita Levette Wilcoxson and Thomas, Kennedy, Sampson & Tompkins, LLP, Case No. 19CV10464 (DeKalb Cnty. Super. Ct., Ga. Oct. 11, 2019) (the "Superior Court Action")). Doc. No. [27], 3–4.[2] Specifically, in the Superior Court Action, Plaintiff alleged that Defendant represented the estate of the decedent in the underlying wrongful death action, did not timely inform Plaintiff of that action, wrongfully disbursed settlement funds to the decedent's mother

---

[2] Filings from these matters are included in the as attachments to several filings. See, e.g., Doc. No. [6-1], 14–66.

2

without disbursing any money to Plaintiff, and failed to make an accounting of the funds for Plaintiff. Doc. No. [6-1], 42–45. Plaintiff brought claims against Defendant for breach of fiduciary duty, punitive damages, and attorneys' fees, costs, and expenses. Id. at 45–47. Plaintiff also sought a declaratory judgment that Defendant was his counsel and thus had owed him a fiduciary duty. Id. at 47.

The Superior Court Action proceeded for over a year, during which the parties engaged in dispositive and discovery motions practice. See Doc. No. [27], 5–6. On November 19, 2020, after the Superior Court Action was scheduled for a pre-trial conference, Plaintiff voluntarily dismissed the Superior Court Action. Id. at 6–7; Doc. No. [6-1], 50. That same day, Plaintiff filed his Complaint in this federal court action, suing only Defendant. Doc. No. [1]. A comparison of the complaints in the Superior Court Action and this federal action show that while Plaintiff phrased some of the facts differently, did not sue the decedent's mother, and no longer sought a declaratory judgment, the allegations and claims against Defendant were substantively the same. Compare Doc. No. [1], with Doc. No. [6-1], 42–48; see also Doc. No. [27-3] (comparing the complaints).

Defendant moved to dismiss this federal action for failure to state a claim (Doc. No. [6]), which this Court granted (Doc. No. [25]). Defendant had also

3

moved for attorneys' fees under Federal Rule of Civil Procedure 41(d) (Doc. No. [8]), which was preliminarily denied given the then-pending Motion to Dismiss (Doc. No. [22]). In its Order granting the Motion to Dismiss, the Court stated that it would consider a renewed motion for attorneys' fees. Doc. No. [25], 19–20.

Defendant timely filed its Renewed Motion, arguing that the Court should award Defendant attorneys' fees under Rule 41(d) due to Plaintiff's forum shopping and for fees incurred in the Superior Court Action as to legal work that could (and was not) reused in this action. Doc. No. [27].[3] Defendant provides that counsel spent 95.6 hours on the matters that are the subject of this Rule 41(d) motion. Id. at 18. Defendant argues that the Court should award $32,402.50 for this work. Id. at 19. Defendant offers court filings, declarations from the attorneys who incurred the fees, and billing statements as support for the fees. Doc. Nos. [27-1]–[27-10].

Plaintiff responded in opposition to the Motion. Doc. No. [28]. Plaintiff acknowledges that Rule 41(d) permits costs incurred on dispositive motions and

---

[3] Specifically, Defendant seeks reasonable fees incurred for its Special Appearance Answer and Motion to Dismiss based upon insufficiency of process, insufficiency of service, and improper venue, as well as work related to certain discovery matters that Defendant alleges it should not have had to incur even in state court and that was not recyclable in this action. Doc. No. [27], 16–17.

4

certain expenses of relitigating issues from a previously dismissed case with the same parties and issues, but Plaintiff also discusses the "American Rule" as to attorneys' fees, under which each litigant generally pays his own attorneys' fees. Id. at 7–9. Plaintiff also cites precedent from other circuits excluding or limiting the award of attorneys' fees under Rule 41(d). Id. at 9. As to Defendant's evidence of fees, Plaintiff argues that the evidence includes work done in actions other than the Superior Court Action, that the fees claimed are overinflated or false, and that they overrepresent the scope of work that can be considered under Rule 41(d). Id. at 9–11, 13–15. Also, Plaintiff argues that he did not engage in forum shopping and that this action is not duplicative of the Superior Court Action because he did not also sue the decedent's mother in this action. Id. at 11–13. Defendant did not reply. This matter is ripe for review, and the Court rules as follows.

## II.   LEGAL STANDARD

Under Rule 41(d)(1), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d)(1). Thus, "[a] party moving for costs under Rule 41(d) must show that: (1) the plaintiff dismissed a previous action; (2)

the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendants; and (3) the defendant incurred costs in the prior action that will not be useful in the newly-filed litigation." Moreiras v. Scottsdale Ins. Co., No. 20-CV-23477, 2020 WL 7042658, at *1 (S.D. Fla. Dec. 1, 2020) (citations omitted). "Generally, the imposition of costs under Rule 41(d) is vested in the sound discretion of the district court." Brigati v. Worcester Polytechnic Inst., No. 21-14098-CV, 2021 WL 5088732, at *3 (S.D. Fla. Oct. 19, 2021), report and recommendation adopted, No. 21-14098-CIV, 2021 WL 5085418 (S.D. Fla. Nov. 2, 2021).

Rule 41(d) is intended to promote the "just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." Cadle Co. v. Beury, 242 F.R.D. 695, 698 (S.D. Ga. 2007). Even where the plaintiff has not engaged in forum shopping or acted in bad faith, a court may award costs to prevent prejudice to the defendant. Wishneski v. Old Republic Ins. Co., No. 5:06-CV-148-OC-10GRJ, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006). Thus, the rule serves to (1) discourage forum shopping and (2) minimize prejudice to a defendant who is forced to incur

expenses defending two separate actions. See Powers v. Chase Bankcard Servs., Inc., No. 2:10-CV-332, 2010 WL 4982148, at *2 (S.D. Iowa Dec. 1, 2010).

"Rule 41(d) gives the Court discretion to grant attorney's fees, as it may deem proper, as part of the 'costs of the action previously dismissed.'" Cadle Co., 242 F.R.D. at 698–99. Specifically, "[c]ourts in this Circuit have previously found that discretion exists under Rule 41(d) to award attorneys' fees and costs where the original action was filed and dismissed in state court, only to be refiled at a later date in federal court." Wolf v. Pac. Nat. Bank, N.A., No. 09-21531-CIV, 2010 WL 1462298, at *2 (S.D. Fla. Mar. 18, 2010), report and recommendation adopted, No. 09-21531-CIV, 2010 WL 1489995 (S.D. Fla. Apr. 13, 2010). To determine reasonable fee awards, the Eleventh Circuit uses the "lodestar" method, which consists of determining the reasonable hourly rate and multiplying that number by the number of hours reasonably expended by counsel. See, e.g., Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

## III. ANALYSIS

Here, Plaintiff voluntarily dismissed the Superior Court Action and, that same day, filed this action. After reviewing the pleadings and relevant filings in both actions, the Court finds that this second action is based upon the same facts

7

and includes the same claims against Defendant. Although Plaintiff did not also sue the decedent's mother in this case—as she did in the Superior Court Action—the Court finds that the cases are sufficiently similar for purposes of Rule 41(d) insofar as Plaintiff sued Defendant and asserted in this action largely the same claims that were in the Superior Court Action. Further, the Court finds that Defendant incurred costs in the Superior Court Action that were not useful in this action. Accordingly, the Court finds that Rule 41(d) applies.[4]

Now, the Court must determine whether it should exercise its discretion to award attorneys' fees. The Court first looks to whether awarding fees under Rule 41(d) would serve the purposes of discouraging forum shopping and the waste of litigant expenses and judicial resources. After reviewing the facts of this case, the Court finds that Plaintiff dismissed the Superior Court Action and filed this action, which alleged the same claims, to seek a new forum and gain a tactical advantage against Defendant. The development of the Superior Court Action's proceedings, and especially Plaintiff's voluntary dismissal of that action once it

---

[4] The Court finds that Rule 41(d) permits the award of attorneys' fees and thus rejects Defendant's argument concerning the American Rule under which a litigant pays his own attorneys' fees unless a contract or statute provides otherwise. See Cadle Co., 242 F.R.D. at 698 (acknowledging the American Rule but still finding that fees are permitted under Rule 41(d)).

8

was scheduled for a pre-trial conference, support the Court's conclusion. Further, the Court finds that filing this action in federal court after having allowed the Superior Court Action to proceed for a significant period of time resulted in a waste of litigant expenses and judicial resources. Thus, in its discretion, the Court finds it is appropriate to award attorneys' fees under Rule 41(d).

Next, the Court turns to determining what amount of attorneys' fees to award Defendant. In making such a determination, courts typically look to see what costs the defendant incurred in the prior action that have no use in the subsequent case. See Wolf, No. 09-21531-CIV, 2010 WL 1462298, at *4 ("It is well understood that an award of fees for purposes of Rule 41 should not award such fees when the work involved will prove necessary for the ultimate resolution of the second-filed action."). For example, if a defendant prepared and filed dispositive motions in the prior action that can be used in the subsequent action, then fees incurred preparing that work likely are not recoupable under Rule 41(d). See Elliott v. Specialized Loan Servicing, LLC, No. 1:16-CV-4804-TWT-JKL, 2017 WL 3327087, at *19 (N.D. Ga. July 10, 2017), report and recommendation adopted, No. 1:16-CV-4804-TWT, 2017 WL 3315243 (N.D. Ga. Aug. 3, 2017). Of course, the moving party must submit evidence of the incurred fees, and that

evidence must clearly show that the fees were incurred in the prior litigation and were not usable in the subsequent litigation. See Groom v. Bank of Am., No. 8:08-CV-2567-T-27EAJ, 2010 WL 627564, at *7–8 (M.D. Fla. Feb. 23, 2010) (finding that the movant had supported some but not all the claimed fees with evidence).

After reviewing Defendant's submissions, the Court finds that some fees are due to be awarded under Rule 41(d). Defendant relies primarily on a billing statement showing hours billed, including narratives for work completed. Doc. No. [27-9], 5–8. Although the billing statement is titled "DeKalb Superior Action," the Court notes that some of the time entries appear to relate either to state court actions other than the Superior Court Action, or to both the other actions and the Superior Court Action. For example, an entry from November 4, 2019 shows time spent on reviewing documents "to be filed in DeKalb State Court and Probate Court," as well as an attorney conference regarding those documents. Id. at 5. Another entry shows time spent on a strategy meeting among attorneys to discuss filings to be made "in the probate, state, and superior court matters." Id. To the extent some of this work related to the Superior Court Action, the Court cannot readily distinguish how much of it related solely to the Superior Court Action and how much related to the other, separate actions. The Court recognizes

10

that these other actions had some subject-matter overlap with the Superior Court Action. But those actions are not the relevant prior, dismissed action for purposes of Rule 41(d). As such, the Court will not award attorneys' fees for work that appears to have concerned those other actions. Also, Defendant has the burden to show that the fees incurred related to the Superior Court Action, and if time entries show work that related to the Superior Court Action *and* other actions, the Court will not attempt to guess how much of that work related to the Superior Court Action. Thus, the Court will not grant fees for any work that, from the time entries' narratives, appear to have related to the other actions or related to both the Superior Court Action and the other actions. Specifically, the Court will grant fees only for work that the Court can readily see or infer relates only to the Superior Court Action, and which was not useful to this action. E.g., id. (showing time entries relating to answering the complaint and responding to written discovery, which the Court reasonably infers relates to the Superior Court Action based on the submitted filings).[5]

---

[5] If the Court could not readily infer whether a time entry related to any particular action, the Court did not award those fees. See, e.g., Doc. No. [27-9], 5 (showing multiple entries for attorney conferences that identified the attorneys involved but did not identify whether they concerned the Superior Court Action or other actions). While the

11

Finally, Defendant contends that its Motion to Dismiss the Superior Court Action was based on arguments about "insufficiency of process, insufficiency of service, and improper venue," which were arguments not used in this action and thus were not "recyclable." Doc. No. [27], 16. While the Court does not necessarily have reason to doubt Defendant's claims, it also does not see the Superior Court Action Motion to Dismiss in Defendant's exhibits supporting this Motion. As a result, the Court cannot readily confirm that the Motion to Dismiss the Superior Court Action—and the underlying work—was not recyclable.[6] Again, as the movant, Defendant has the burden to show that it should be awarded fees under Rule 41(d). The Court determines that Defendant failed to carry this burden for fees relating to the Superior Court Action Motion to Dismiss

---

title of the document typically would have led the Court to infer that such entries related to time spent only on the Superior Court Action, the comingling of entries showing hours spent on the other matters leaves the Court unable to make such a presumption.

[6] Notably, this action was dismissed after the Court granted Defendant's Motion to Dismiss. Thus, it bears noting that of all the work product that Defendant drafted in the Superior Court Action, the work relating to the motion to dismiss in that action would presumably be the most likely to be recycled in this action. As such, it would have been prudent to attach that motion to dismiss to this motion for fees so the Court could determine that it was indeed based on a different legal theory than the one employed in this action and thus was not recycled in this action. But Defendant did not provide the Motion to Dismiss from the Superior Court Action, and the Court cannot confirm that it was indeed based on a different legal theory than that employed in this action.

by failing to provide a copy of that motion for the Court to review. Thus, the Court will not grant fees for work relating to that motion.

Based on its review, the Court finds that of $9,775.00 of the attorneys' fees Defendant requests were incurred with respect to the Superior Court Action and were not recyclable for this action. Accordingly, the Court finds that the Motion is due to be granted in part and denied in part insofar as the Court will grant the request for attorneys' fees in the amount of $9,775.00 but denies the other requested attorneys' fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant's Renewed Motion for Attorney's Fees (Doc. No. [27]). The Court **ORDERS** Plaintiff to pay Defendant $9,775.00 in attorneys' fees.

This case shall **REMAIN CLOSED**.

**IT IS SO ORDERED** this 4th day of January, 2022.

/s/ Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

13